**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DANA M. MCLEOD,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 15-00645-KD-M** |
| | ) | |
| **FIELD ASSET SERVICES, LLC,** | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter is before the Court on Defendant Field Asset Services, LLC's motion for summary judgment (Doc. 23), Plaintiff Dana M. McLeod's Response (Doc. 29) and Defendant's Reply (Doc. 32); and Plaintiff's motion to strike (Doc. 28) and Defendant's Response (Doc. 31).[1]

## I. Findings of Fact[2]

This case concerns a dispute regarding Plaintiff Dana McLeod (McLeod)'s real property located at 14461 State Highway 104, Silverhill, Alabama, 36576. Specifically, on January 26, 2010, McLeod executed a $165,306.00 mortgage with PHH Mortgage Corporation (PHH) (formerly a defendant in this case). (Doc. 23-1 at 1-20). At some point, McLeod failed to make her mortgage payments and defaulted on the loan. (Doc. 1 at 2-3). PHH foreclosed on the property and on September 17, 2015 held a nonjudicial foreclosure sale where the property sold for $157,925.66. (Id.; Doc. 23-1 at 22).

In conjunction with the foreclosure, PHH retained Defendant Field Asset Services, LLC

1 This summary judgment is limited to those counts Plaintiff asserted against FAS; namely, Counts Five and Six – destruction of property/negligence and willful/wanton destruction of property. (Doc. 13). To the extent the parties raise other arguments, they merit no further discussion.

2 At the summary judgment stage, the facts are taken in the light most favorable to the non-movant. Tipton v. Bergrohr GMBH–Siegen, 965 F.2d 994, 998–999 (11th Cir. 1992). The "facts, as accepted at the summary judgment stage of the proceedings, may not be the actual facts of the case." Priester v. City of Riviera Beach, 208 F.3d 919, 925 n. 3 (11th Cir. 2000).

(FAS) to secure and maintain McLeod's real property. FAS subsequently retained a local contractor, Rowe Enterprises, Inc. (Rowe) to photograph the property, investigate the premises, replace broken deck planks, mow the grass, make repairs, etc. (Docs. 23-1 at 25-50).

On November 17, 2015, McLeod initiated this action by filing a complaint against PHH in the Circuit Court of Baldwin County, Alabama. (Doc. 1). McLeod's claims as to PHH surrounded the rights, duties and liabilities of the parties under the mortgage and the servicing of her loan and foreclosure of the property – redemption, to set aside the foreclosure, damages, etc. (Id.) On December 18, 2015, PHH removed the state court action to this Court. (Id.) On April 21, 2016, McLeod amended her complaint to add FAS as a party, asserting two (2) claims against it for destruction of property/negligence (Count Five) and willful and wanton destruction of property (Count Six). (Doc. 13). On December 2, 2016, FAS moved for summary judgment on those counts. (Doc. 23). On December 6, 2016, all of McLeod's claims against PHH were dismissed with prejudice. (Doc. 26). Only McLeod's claims against FAS remain.

## II. Motion to Strike

At the outset, McLeod moves to strike the legal grounds/basis for FAS' motion related to the issues of vicarious liability (for non-party Rowe) and Section 6-5-253 Ala. Code (diminished value of property), contending that such have been improperly raised by FAS for the first time on summary judgment. As to vicarious liability, McLeod contends that FAS did not provide proper notice of Rowe being the individual/party responsible for the property damage (rather than FAS). However, the record reveals that FAS provided sufficient notice of its assertion of *another* person or *other* party being responsible for any alleged property damage, rather than FAS, via the affirmative defenses asserted in its Answer:

> 12. Defendant states that the sole proximate cause of the damages allegedly sustained by the Plaintiff were the actions, non-actions, or negligence of a person or persons other than Defendant, for whose actions, non-actions, or negligence this Defendant is in no way liable.
>
> 13. Defendant states that the sole proximate cause of the damages allegedly sustained by the Plaintiff were the combination of actions, non-actions or negligence of a person or persons other than this Defendant, for whose actions, non-actions or negligence this Defendant is in no way liable.
>
> 14. Defendant denies that it is legally responsible for or liable to the Plaintiff for the acts or omissions of any Co-Defendant.
>
> ***
>
> 26. Defendant denies any liability on the basis of agency and/or respondeat superior for those acts or omissions alleged in the complaint.
>
> ***
>
> 28. Plaintiff's alleged injuries were caused by acts or omissions of parties other than this Defendant.
>
> ***
>
> 33. This Defendant did not commit any wrongful acts relative to Plaintiff or Plaintiff's property.
>
> 34. Defendant pleads failure to join necessary parties to this matter.

(Doc. 17 at ¶¶12-14, 26, 28, 33-34). McLeod thus received notice of "another" being responsible, and as such, should have conducted discovery on this defense to ascertain the existence of non-party Rowe, but failed to do so.

As to Section 6-5-253, the contention is irrelevant as there are no redemption counts asserted against FAS. Additionally, due to the Court's findings set forth below, the issue is moot for purposes of summary judgment.

Moreover, McLeod moves to strike FAS' exhibits C, D and E under Rule 56(c)(2). (Docs. 23-1 at 25-50, 57-58). Motions to strike material submitted on summary judgment have not been appropriate since December 2010. Instead, per Rule 56(c)(2), "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be

admissible in evidence." The Advisory Committee Notes specify that:

> Subdivision (c)(2) provides that ***a party may object*** that material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. The objection functions much as an objection at trial, adjusted for the pretrial setting. The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated. ***There is no need to make a separate motion to strike***. If the case goes to trial, failure to challenge admissibility at the summary-judgment stage does not forfeit the right to challenge admissibility at trial.

Fed.R.Civ.P. 56, *Adv. Comm. Notes*, "Subdivision(c)" (2010 Amendments) (emphasis added). The Court thus construes McLeod's motion to strike the exhibits and Affidavit as Objections.

Concerning FAS' exhibits C and D – the Vendor Agreement and Master Services Agreement -- these are business records that can be made admissible at trial. At this stage – on summary judgment -- FAS is not required to furnish evidence in admissible form but only such evidence that *can be reduced to admissible form at trial*. Rowell v. BellSouth Corp., 433 F.3d 794, 800 (11th Cir. 2005); Johnson v. Mobile Infirmary Med. Ctr., 2015 WL 1538774, *1 (S.D. Ala. Apr. 7, 2015); Abbott v. Elwood Staffing Services, Inc., 44 F.Supp.3d 1125, 1135 (N.D. Ala. July 31, 2014). McLeod presents no arguments or objections that FAS' evidence cannot be reduced to admissible form at trial – *the purpose of Rule 56(c)(2) objections and what would be a proper such objection* – contending instead that the evidence is not admissible now on summary judgment. See, e.g., Crouch v. Teledyne Cont'l Motors, Inc., 2011 WL 1539854, *1 n. 3 (S.D. Ala. Apr. 21, 2011) (expert reports were challenged on summary judgment but the objecting party did not argue they "…'cannot be presented in a form that would be admissible in evidence,'" only arguing the reports were unsworn, and citing Macuba v. Deboer, 193 F.3d 1316, 1323 (11th Cir. 1999) for the proposition that courts can rely on evidence which can be "reduced

to admissible evidence at trial and reduced to admissible form").[3] McLeod's Objections are **OVERRULED** as to these exhibits.

With regard to McLeod's Objection to Exhibit E, Sarah Hunter's Affidavit (Doc. 23-1 at 57-58 (Aff. Hunter)), affidavits submitted in support of or opposition to a motion for summary judgment "must be made on personal knowledge" and "set out facts that would be admissible in evidence." Rule 56(c)(4), Fed.R.Civ.P. The Affidavit does not indicate that it is based on Hunter's personal knowledge but instead merely certifies under penalty of perjury that "the foregoing is true and correct to the best of my knowledge." (Doc. 23-1 at 58 at ¶5). There is no indication that Hunter has any personal knowledge of the statements/information contained and/or events referenced therein. A certification "to the best of my knowledge" – without any articulation of how Hunter has personal knowledge -- is insufficient. See, e.g., Prowell v. Alabama Dept. of Human Resources, 2012 WL 3848667, *4-5 (N.D. Ala. Sept. 5, 2012) ("[s]uch a limited statement does not suffice within the Eleventh Circuit under Rule 56[]" citing Robbins v. Gould, 278 F.2d 116, 118 (5th Cir.1960) ("[a]t best this is nothing more than [an] opinion given without any demonstrated basis of knowledge")); Middlegate Dev., LLP v. Beede, 2011 WL 3475474, *11 at note 10 (S.D. Ala. Aug. 9, 2011) (citing Ellis v. England, 432 F.3d 1321, 1326 (11th Cir. 2005) ("statements in affidavits that are based, in part, upon information and

3 For example, courts may consider hearsay on summary judgment so long as the statement can be reduced to admissible form at trial. See, e.g., Jones v. UPS Ground Freight, 683 F.3d 1283, 1293-1294 (11th Cir. 2012) ("a district court may consider a hearsay statement in passing on a motion for summary judgment if the statement could be reduced to admissible evidence at trial or reduced to admissible form[ ]"); Macuba v. Deboer, 193 F.3d 1316, 1323 (11th Cir. 1999) (same). Similarly, even unauthenticated or otherwise inadmissible evidence is properly considered on summary judgment so long as it can be reduced to admissible form at trial. See, e.g., Rowell v. BellSouth Corp., 433 F.3d 794, 800 (11th Cir. 2005) (on summary judgment, courts consider "evidence which can be reduced to an admissible form"); Longcrier v. HL–A Co., Inc., 595 F.Supp.2d 1218, 1223 (S.D. Ala. 2008) ("The general rule in this Circuit is that parties' exhibits may be considered for purposes of pretrial rulings so long as they can be reduced to admissible form at trial[ ]").

belief, cannot raise genuine issues of fact") and Pace v. Capobianco, 283 F.3d 1275, 1278–79 (11th Cir. 2002) ("an affidavit stating only that the affiant believes a certain fact exists is insufficient to defeat summary judgment…"); Rolison v. Sterling, 2009 WL 2514294, *6 (S.D. Ala. Aug. 13, 2009) (as to affidavits based on "…qualifying phrases such as…'to the best of my knowledge,' the … passage should be stricken. An affidavit, or portions thereof, may be stricken when it runs afoul of the requirement that summary judgment affidavits be 'made on personal knowledge'…"). Cf. U.S. v. $22,010.00 in U.S. Funds, 2010 WL 1050410, *2 (M.D. Ga. Mar. 18, 2010) (finding "to the best of my knowledge to be sufficient). McLeod's objections to Hunter's Affidavit are **SUSTAINED** and the Court has not considered same.

In sum, McLeod's motion to strike is **DENIED** with regard to vicarious liability (related to non-party Rowe) and **MOOT** as to Section 6-5-253; and McLeod's Objections are **OVERRULED** as to FAS' Exhibits C and D and **SUSTAINED** as to FAS' Exhibit E.

## III. Motion for Summary Judgment

### A. Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Rule 56(c) provides as follows:

> ***(1) Supporting Factual Positions.*** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible

evidence to support the fact.

> ***(2) Objection That a Fact Is Not Supported by Admissible Evidence.*** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> ***(3) Materials Not Cited.*** The court need consider only the cited materials, but it may consider other materials in the record.
>
> ***(4) Affidavits or Declarations.*** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

FED.R.CIV.P. Rule 56(c).

The party seeking summary judgment bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). If the nonmovant fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the movant is entitled to summary judgment. Celotex, 477 U.S. at 323. In assessing whether the nonmovant has met its burden, "the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter….Instead, '[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.'" Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 999 (11th Cir. 1992).

**B. Conclusions of Law**

FAS' motion, seeking summary judgment on Counts Five and Six for destruction of

property, hinges on whether non-party Rowe was its employee or an independent contractor.

On October 14, 2013, FAS entered into an agreement with Rowe, as a "vendor," pursuant to the FAS "Vendor Qualification Packet" which "outlines the terms and condition of the relationship" (Vendor Agreement). (Doc. 23-1 at 25- 35). Per the terms of the Vendor Agreement, a vendor like Rowe is an independent contractor vis-à-vis FAS:

> **Independent Contractor**
>
> In fulfilling its obligations under this Agreement, you or your company will be acting as an independent contractor. You understand and agree that this Vendor Qualification Packet does not create any agency, partnership, joint venture or similar relationship between the parties, and neither party has the authority to bind the other with respect to any matter. Under no circumstances shall either party have the right or authority to act or make any commitment of any kind to any third party on behalf of the other party or to represent the other party in any way as an agent. You shall ensure that your personnel are aware that he or she has no right, power or authority to bind or represent FAS. You acknowledge that your personnel are (i) not eligible for any compensation from, or other employee benefits of, FAS by reason of your engagement under this Vendor Qualification Packet, and (ii) the sole responsibility of you and solely employees or independent contractors of you (or its subcontractor). Further, you shall be responsible for maintaining, at your sole cost and expense, any insurance coverage, including workers' compensation and unemployment insurance, which may be applicable to you in the performance of the Services for FAS.

(Doc. 23-1 at 30). Additionally, in 2014[4] FAS and Rowe executed a "Master Services Agreement" (Doc. 23-1 at 36) through which Rowe was designated as an independent contractor:

> **2. Purpose of Agreement/Services**. This Agreement governs the relationship between AFAS and Vendor, and establishes the terms applicable to all services arranged by AFAS for its customer ("Customer") and performed by Vendor, including, but not limited to the Services involved in any Work Order accepted by Vendor….
>
> Vendor represents that it is an independently established enterprise in the business of providing some or all of the following services; property preservation, REO maintenance, construction rehabilitation, inspection or other customary property preservation related services, and that it satisfies all legal requirements necessary to provide the Services contemplated by this Agreement. ***As an independent business, Vendor shall be solely responsible for determining how to provide the Services***. AFAS recognizes that

4 Executed on April 24, 2014 by Rowe and on August 18, 2014 by FAS. (Doc. 23-1 at 36).

> Vendor may provide Services through employees or subcontractors of Vendor's choosing. ***AFAS and its Customer shall have no right to, and shall not, control the manner or prescribe the method Vendor uses to perform the Services. Vendor is responsible for determining the most effective, efficient and safe manner to perform the Services.***
>
> **15. Miscellaneous.**
>
> 15.1 Relationship of Parties. ***This Agreement is between two unaffiliated business enterprises that are separately owned and operated. It is the express intention of the Parties that Vendor is an independent contractor and not an employee, agent, or joint venture of AFAS.*** Any contrary final determination by any board, tribunal, or court of competent jurisdiction shall require the amendment of this Agreement in any way necessary to establish an independent contractor relationship. ***Vendor shall not be controlled by AFAS as to the specific details or manner of Vendor's business, it being understood that AFAS' interest is in the Services provided by Vendor and not the manner in which such services are provided. Neither Vendor nor any of its principals, employees, agents, subcontractors or servants shall be considered to be employees, agents, subcontractors or servants of AFAS and neither Party has any right or power, express or implied, to do any act that would bind the other, except as herein specifically provided. No fiduciary relationship exists between the Parties.***
>
> ***AFAS shall have no right to, and shall not, control the manner or prescribe the method of accomplishing those services which shall be contracted to, and performed by, Vendor pursuant to this Agreement, and the general public and all governmental agencies regulating such activities shall be so informed***. Those provisions of the Agreement reserving ultimate authority in AFAS have been inserted solely to achieve compliance with federal, state, or local laws, regulations, and interpretations thereof.
>
> > ***By initialing to the right, Vendor represents that Vendor, and the employees, agents. and subcontractors of Vendor, intend to operate as independent contractors at all times, and that no employment relationship with AFAS exists.***

(Doc. 23-1 at 37, 44 at ¶¶2, 15, 15.1 (emphasis added)). Both the Vendor Agreement and Master Services Agreement were in effect in 2015, when McLeod's property was foreclosed and FAS was hired to secure said property.

In Alabama, as explained in Lifestar Response of Ala., Inc. v. Admiral Ins. Co., 17 So.3d 200, 213 (Ala. 2009):

> The test for determining whether a person is an agent or employee of another, rather than an independent contractor, is whether that other person has reserved the right of control over the means and method by which the person's work will be performed, whether or not

> the right of control is actually exercised. *Alabama Power Co. v. Beam,* 472 So.2d 619 (Ala.1985). Vicarious liability arises from the right of supervision and control over the manner of the alleged agent's performance. *Kennedy v. Western Sizzlin Corp*., 857 So.2d 71 (Ala.2003). Generally, one is liable for the actions of an agent but is not liable for the actions of an independent contractor. *Gonzalez, LLC v. DiVincenti*, 844 So.2d 1196 (Ala.2002).

While McLeod references certain portions of the Vendor Agreement and Master Services Agreement, which she *interprets* as showing that "FAS clearly retained control" (Doc. 29 at 3-4, 9), the Court cannot agree.

At the outset, McLeod wholly ignores clear terms in these contracts which define the relationship between FAS and Rowe. Notably, the contracts specify that Rowe is "an independent business…solely responsible for determining how to provide" the work and FAS "shall have no right to, and shall not, control the manner or prescribe the method Vendor uses to perform" the work. Similarly, Rowe "shall not be controlled" by FAS "as to the specific details or manner of Vendor's business" as FAS' "interest is in the Services provided by Vendor and not the manner in which such services are provided[,]" and FAS "shall have no right to, and shall not, control the manner or prescribe the method of accomplishing those services which shall be contracted to, and performed" by Rowe. McLeod's interpretation -- essentially "reading in" a different relationship between the parties other than that which is *expressly* spelled out in the relevant contracts – is unpersuasive.

Additionally, FAS merely authorizing work, reviewing the quality of work, inspecting work, reviewing photographs of work, etc. performed by Rowe, is not tantamount to *controlling* Rowe's work or *how* Rowe performed the work. Rather, those aspects are more akin to checks on the quality of the work, not control over the manner in which such work was done.

Moreover, McLeod has failed to submit evidence of agency in opposition to summary

judgment. See, e.g., Carlton v. Alabama Dairy Queen, 529 So.2d 921, 923 (Ala. 1988) (there must be at least some evidence of agency presented by the party opposing a motion for summary judgment). Instead, McLeod's argument rests on her interpretation of a few sentences in the contracts to the wholesale exclusion of specific sections entitled "independent contractor" and the like. This is perhaps because McLeod failed to conduct discovery on this issue.

Upon consideration, the Court finds that based on the terms of the contracts executed between FAS and Rowe, Rowe was an independent contractor and FAS did not reserve the right of control over the means and method by which Rowe's work was performed. Thus, FAS' motion with regard to Counts Five and Six is **GRANTED.**

In light of this conclusion, the Court finds that McLeod's other contentions, as to redemption, are irrelevant and FAS' motion on that issue is **MOOT.**

## IV. Conclusion

Accordingly, it is **ORDERED** that FAS' motion for summary judgment as to Counts Five and Six is **GRANTED** and **MOOT** as to redemption; McLeod's motion to strike is **DENIED** as to vicarious liability and **MOOT** as to Section 6-5-253; and McLeod's Objections are **OVERRULED** as to FAS' Exhibits C and D and **SUSTAINED** as to FAS' Exhibit E.

A Final Judgment consistent with the terms of this Order shall be entered by separate document as required by Rule 58 of the Federal Rules of Civil Procedure.

**DONE** and **ORDERED** this the **23rd** day of **January 2017.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**